UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>FourWorld Event Opportunities, LP,<br><br>Petitioner, for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 24- |

### APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

1. FourWorld Event Opportunities, LP ("Petitioner") respectfully requests an order in the form attached hereto permitting Petitioner to obtain limited discovery under 28 U.S.C. § 1782 ("Section 1782") in connection with an appraisal proceeding pending before the Supreme Court of Bermuda (the "Appraisal Proceeding"), to which Petitioner is a party. In support of its application, Petitioner submits a Memorandum of Law and attaches the Declarations of Delroy Duncan KC and Duane L. Loft. Petitioner further states as follows:

2. Petitioner seeks the assistance of this Court to obtain discovery from Goldman Sachs & Co. LLC ("Respondent"), who is "found" for purposes of Section 1782 in this District. Petitioner's requests (the "Requests") are set forth in the subpoena attached as Exhibit 1 to the Loft Declaration (the "Subpoena"). As set forth in the accompanying declarations, the discovery cannot be obtained in the underlying Appraisal Proceeding, but the presiding Bermuda court will be highly receptive to evidence sought here and assistance from this Court.

3. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use

in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

4. The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying submissions, (1) Respondent is "found" in this District because Respondent maintains a principal place of business in this District, (2) the discovery sought is to be used in the Appraisal Proceeding, and (3) Petitioner is an "interested person" in that proceeding.

5. This application also meets the discretionary factors of Section 1782, as explained further in the accompanying Memorandum of Law: (1) Respondent is not a party to the foreign proceedings, (2) Bermuda courts will be receptive to judicial assistance from a U.S. court, (3) Petitioner is not attempting to circumvent foreign proof-gathering restrictions, and (4) the discovery sought is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

6. Petitioner therefore respectfully requests that this Court grant its application for an Order granting Petitioner leave to serve Respondent with the Subpoena.

WHEREFORE, Petitioner respectfully request that this Court enter an Order:

1. Directing Respondent to file any opposition to the Application within 14 days of service of the Application;

2. Directing Petitioner to file any reply in support of the Application within 7 days of Respondent's opposition;

3. Absent a timely opposition filed by Respondent, granting the Application and allowing Petitioner to serve the Subpoena on Respondent;

4. Directing Respondent to produce the requested documents within 30 days of service of the Subpoena, or such other date as agreed between the parties, and in conformity with the

Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York;

     5.     Directing Respondent to appear for a deposition in compliance with the Subpoena on a mutually agreeable date within a reasonable time after Respondent confirms the final production of documents in response to the Subpoena; and

     6.     Directing Respondent to preserve all documents, electronic or otherwise, and any evidence in its possession, custody, or control that contain information potentially relevant to the subject matter of the foreign proceeding at issue in the Application.

Dated: February 29, 2024

By:    */s/ Duane Loft*

PALLAS PARTNERS (US) LLP
Duane L. Loft
Brianna Hills Simopoulos
Mark C. Davies
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300
Duane.Loft@pallasllp.com
Brianna.Simopoulos@pallasllp.com
Mark.Davies@pallasllp.com

*Counsel for Petitioner*